UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOROTHY ELAINE DECKER                     CIVIL ACTION NO. 06-0245

versus                                    JUDGE HICKS

COMMISSIONER OF THE SOCIAL                **REFERRED TO:**
SECURITY ADMINISTRATION                   **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM RULING**

**Introduction**

Dorothy Decker ("Plaintiff") applied for benefits based on a claim that she was disabled due to mental health issues.  Plaintiff's work experience includes employment as a cashier.  She was 55 years old when ALJ W. Thomas Bundy denied her claim.

The ALJ analyzed the claim using the familiar five-step sequential analysis.  He found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from bipolar disorder and generalized anxiety disorder, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three) that would require a finding of disability without regard to the claimant's age, educational or vocational factors.

The ALJ reviewed the medical records, assessed Plaintiff's testimony, and determined that Plaintiff had the residual functional capacity ("RFC") to perform work at any exertional level, reduced by moderate limitations in interacting with the general public.  A vocational expert testified that a person with such an RFC could perform Plaintiff's past relevant work (step four).  The ALJ accepted that testimony and entered a finding of not disabled.

The Appeals Council denied a request for review.  Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g).  Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.  For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issue on Appeal**

Plaintiff raises a single issue on appeal.  She argues the ALJ did not make sufficiently specific credibility findings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Dr. Thomas Staats, a clinical neuropsychologist, conducted a consultative examination in September 2003.  Plaintiff reported that she last worked one year earlier as a cashier, but she quit work to care for her ill father and eventually became too nervous to return to employment.  Dr. Staats reported that Plaintiff's thinking appeared adequate in regard to content and reality testing, and Plaintiff's understanding was intact.  Her memory was variable, sustained concentration was adequate, and persistence was psychologically adequate.  Plaintiff's social interaction was said to be marginal.  Tr. 118-20.

Dr. Susan Tucker, a clinical psychologist, conducted a consultative examination in December 2004.  Dr. Tucker observed that Plaintiff had a marginal degree of insight and a minimal degree of social judgment. Plaintiff  displayed only mild remote memory deficits, and her recent memory was average.  Plaintiff also had average ability to focus her concentration for brief periods, although her ability to sustain concentration was marginal. Plaintiff displayed a preoccupation with thoughts about financial concerns.  Tr. 151-56.

Plaintiff's treating physician was Dr. Richie.  His records do not contain any significant findings with respect to abilities or the lack thereof.  Dr. Richie did prescribe Plaintiff drugs such as Lithium and Thorazine.  He signed a brief letter in 2003 that recounted that Plaintiff had been under his care since 1996.  He said that Plaintiff had a diagnosis of bipolar disorder and has experienced both manic and depressive episodes.  He

stated that Plaintiff was maintained on large doses of Thorazine, Lithium and Klonopine and that she had "a chronic mental disorder."  Tr. 143-50.

Dr. David Atkins, a psychologist employed by the state agency, completed an assessment after reviewing medical records.  He found that Plaintiff was not significantly limited in her mental abilities except for moderate limits with respect to her ability to understand, remember and carry out detailed instructions, and her ability to interact appropriately with the general public.  He observed that Plaintiff "is considered capable of functioning within a simple and routine work environment, albeit with some limitations as noted above."  Tr. 121-23.

Plaintiff testified at the November 2004 hearing that she last worked about a year earlier as a cashier.  She worked four days a week for about a year but left because she was reportedly having difficulty with shaking, nervousness and coherence, combined with the fact that her father got sick.  Plaintiff testified that she was then worse than when she quit working and was on more medications.  She said she sees Dr. Richie about every three months and he "usually increases the medication and gives me more."  It was Dr. Richie's suggestion that Plaintiff inquire about disability because she was taking so much medication. Plaintiff says she takes the medicine just as prescribed and that it is helpful unless she misses a dose.  Plaintiff testified that her thoughts often wander and she has trouble with her memory.  She said the symptoms that caused her to leave her cashier job were not being able

to make change, deal with the public, remember her job assignments and operate the machines that ran the fuel pumps.  Tr. 288-95.

The ALJ discussed the medical records and Plaintiff's testimony.  He said that his RFC did allow for some of Plaintiff's subjective complaints and limitations, but he found that Plaintiff's subjective complaints were not credible to the extent that they would preclude Plaintiff from performing all work-related activities.  Tr. 19-22.  Plaintiff reported in paperwork she completed in connection with her application that her medication caused drowsiness and impaired judgment.  Tr. 82.  The ALJ noted that contention, but he pointed out that Plaintiff had not made such complaints to physicians and was never described in the medical records as appearing lethargic, groggy, foggy or lackadaisical.  Tr. 21.  (Dr. Tucker observed that Plaintiff was hyperactive and had a level of expressiveness that was exaggerated and dramatic.  Tr. 152).

Plaintiff concedes that the ALJ addressed the credibility of her claim of drowsiness as a side effect, but she complains that the ALJ did not make specific findings with respect to her credibility about impaired judgment and her testimony that she had difficulty making change, dealing with the public, remembering her work assignments, and operating the fuel pumps.

The undersigned has recommended or granted relief when an ALJ failed to make a proper credibility assessment with regard to testimony about a critical limitation or symptom that was not adequately addressed in the ALJ's decision.  Plaintiff has cited one such

decision, <u>Moore v. Barnhart</u>, 05 CV 0696.  But an ALJ need not specifically address the credibility of each line or component of testimony to withstand judicial scrutiny.  <u>See Clary v. Barnhart</u>, 2007 WL 201145 (5th Cir. 2007) ("The ALJ is *not* required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility")  and <u>Undheim v. Barnhart</u>, 2007 WL 178062 (5th Cir. 2007) ("An ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination").

The ALJ's opinion, as a whole, gives sufficient reasons and documentation for his rejection, with respect to the symptoms listed by Plaintiff, of a degree of limitation greater than reflected in his RFC.  The ALJ spoke generally of his assessment of Plaintiff's subjective complaints and claims of limitations.  He did not specifically address each of the several tasks with which Plaintiff claimed difficulty, but the medical evidence that the ALJ relied upon did address the areas of functioning with which Plaintiff claimed difficulty.  The ALJ embraced the medical reports over Plaintiff's testimony.  Under these circumstances, and although a greater degree of specificity would make judicial review unnecessary or less difficult, the undersigned is comfortable that the credibility of all of Plaintiff's subjective complaints was adequately addressed, and the ultimate decision is supported by substantial evidence.  A judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of March, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE